McCay, Judge.
We do not think the charge of the Court in this case was the proper charge to be given, as we are strongly impressed with the idea that this road, used and worked as it has been, for over twenty years, is a public road, even though there be no proof, in fact, of an order, etc., of the Inferior Court. But we are clear that there is nothing in this evidence to have authorized a verdict for the plaintiff.
The road is not within the limits of a crossing, so as to make it the duty of the Company, to keep it up as part of the crossing. It is from two to three hundred yards from the track. Is there anything more here than the ordinary case of a planter turning the public road without authority of law ? Suppose he does this, cuts out a good road, builds a causeway or a small bridge, puts the whole in good order, and opens it to public use.. It is adopted, the old road deserted, and finally closed up, and the new one used for thirty years; suppose, even, to make the case stronger, that the planter, for his own convenience, has, at times, repaired the bridge or causeway, or filled up holes in the road. Can it for a moment be pretended that under this state of facts the law would cast upon the *planter the permanent duty of keeping up the bridge or causeway? There are always two parties to a contract. Is it not just as fair to say that the public, when it accepts a new road, takes it as it is, as to say that he who has opened it has contracted to keep it in order? Nay, is it not far fairer and more reasonable to say (in the absence of any contract) that the new road goes into the hands of the public, just as the old one — that if the public accepts it — it takes upon itself the ordinary duty attaching to it with respect to public roads?
We see nothing in any of this evidence to justify the claim of the Ordinary. The railroad company has the same rights as to a road as any citizen, and if, for the conveyance of those wishing to get to its depot, it repairs a road or a bridge, it does it as any other citizen might do, without incurring the liability of undertaking always to do it. We think the verdict right. There was no evidence to sustain the plaintiff’s claim.
Judgment affirmed.